## THE STATE, Appellant, v. HARTLEY.

### Division Two, January 31, 1905.

**MANSLAUGHTER: Can Not Exist Without Homicide: Abortion Act of 1901 Invalid.** There can be no manslaughter where there is no homicide. And, consequently, the Act of March 9, 1901 (Laws 1901, p. 127), providing that, "Every person who shall administer to any pregnant woman any medicine, drug or substance whatsoever, or shall use or employ any instrument or other means with intent thereby to destroy the foetus or child of such pregnant woman, unless the same shall be necessary to preserve the life of such woman, shall be guilty of manslaughter in the second degree"—is invalid, since it undertakes to establish a degree of felonious homicide in a case in which it is not necessary that the death either of the child or of the mother should result from the acts committed, and where, therefore, there can be no homicide.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

*Thos. B. Harvey* for respondent.

Manslaughter has a well-defined meaning at common law, and is the felonious killing of a human being, and which does not amount to murder. 1 Wharton, Cr. Law, sec. 302; 2 Bishop, New Cr. Law, sec. 627; 1 Blackstone's Com., 191; 1 Hale 449. This distinction has been preserved in our statutes and recognized in our decisions, and all law at all times has made the taking of human life the *sine qua non* of both murder and manslaughter, as the names of the offenses imply. State v. Young, 55 Kan. 353. The statute does not make any killing necessary in its definition of the al-

leged crime, nor does the indictment allege any killing; and yet said statute requires the defendant to be convicted of and punished for a killing.

BURGESS, P. J.—At the December term, 1903, of the St. Louis circuit court the defendant Elizabeth Hartley was indicted for manslaughter under the provisions of section 1825, Laws 1901. The indictment avers that Elizabeth Hartley, "at the city of St. Louis, on or about the twentieth day of September, 1903, unlawfully and feloniously did administer to one Bessie Zucker, who was then and there a pregnant woman, certain medicines, drugs and substances (the exact nature of which is to the grand jurors unknown), and did then and there unlawfully and feloniously use and employ certain instruments (the exact nature of which is to the grand jurors unknown) and other means in and upon the said pregnant woman as aforesaid, with the felonious intent then and there and thereby to destroy the foetus and child of said pregnant woman, the same not being then and there necessary to preserve the life of such woman; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Upon motion of defendant the indictment was quashed. The State appeals.

The act under which the indictment was preferred provides that "Every person who shall administer to any pregnant woman any medicine, drug or substance whatsoever, or shall use or employ any instrument or other means with intent thereby to destroy the foetus or child of such pregnant woman, unless the same shall be necessary to preserve the life of such woman, shall be guilty of manslaughter in the second degree."

One of the objections urged against the indictment in the court below, and now insisted upon in this court, is that it does not charge defendant with any offense.

It is contended by defendant that the judgment should be affirmed because the law under which the indictment is drawn and the defendant charged with manslaughter is inoperative and invalid, in that it undertakes to establish a degree of felonious homicide where neither the death of the child nor of the mother resulted from the acts committed, and where there was no killing or homicide. There can be no manslaughter at common law where there is no homicide. "Manslaughter" is distinguished from murder solely by the absence of malice as a constituent element of the crime. It is not the intent to kill, or the character of the weapon used, which determines the grade of the homicide, but simply the inquiry whether such intent, or the use of such weapon, proceeded premeditatedly from that wickedness of disposition and hardness of heart which the law denominates malice, or whether the intent was formed suddenly under the influence of some violent emotion, which, for the instant, overwhelmed the reason of the slayer. If from the former, the crime is murder; if from the latter, it is manslaughter only. [21 Am. and Eng. Ency. Law (2 Ed.), 173, and authorities cited.]

While all kinds of homicide, not murder, are declared to be manslaughter by our statute, and all grades of homicide classified by it, there can be no manslaughter when there is no homicide, no more than there can be murder when there is no homicide.

In the case at bar the indictment does not allege the death of either the mother or the child with which she is alleged to be pregnant, and the Legislature could not make that manslaughter when the basis of its legislation did not in fact exist.

In the case of State v. Young, 55 Kan. 349, the Supreme Court of that State had under consideration a statute in almost the exact language of the statute involved in the case at bar and it was held to be inoperative and invalid upon the ground that it under-

takes to establish a degree of felonious homicide where neither the death of the child nor of the mother resulted from the acts committed and where there was no killing or homicide. The court said: "We think the court rightly held that section 15 is without application or force. It appears to be an attempt to define and establish a degree of felonious homicide where there may be no killing or homicide. The section, supposed to be complete in itself, omits one of the essential elements of homicide, namely, that the death of the child or mother should ensue from the means employed. If the medicine administered or the instruments employed on a woman pregnant with a quick child should be used or employed with intent to destroy the child, and where it was not necessary to preserve the life of the mother, or had not been advised by a physician to be necessary for that purpose, and no injury resulted to the mother or to the child, it can not be possible that the person charged could be convicted of felonious homicide. It was probably not the purpose nor was it competent, for the Legislature to make that a degree of felonious homicide which in truth and in fact is not homicide, and where the acts prohibited and proposed to be punished do not result in death."

The judgment should be affirmed, and it is so ordered.

All concur.